SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Email: showalaw@hawaii-bengoshi.com

Attorney for Plaintiff
LORNA KELIIPULEOLE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORNA KELIIPULEOLE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MOLOKAI OHANA HEALTH )<br>CARE INC. (DBA "MOLOKAI )<br>COMMUNITY HEALTH )<br>CETNER"); DOE DEFENDANTS)<br>1 -20; DOE CORPORATIE )<br>ENTITIES 1-20, )<br>)<br>Defendants. )<br>) | Civil No.  21-170<br><br>COMPLAINT; SUMMONS;<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Comes now Plaintiff, LORNA KELIIPULEOLE, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendant MOLOKAI OHANA HEALTH CARE INC. (DBA "MOLOKAI COMMUNITY HEALTH CETNER"); DOE

DEFENDANTS 1 -20; and DOE CORPORATE ENTITIES 1-20 (hereinafter collectively "Defendants").

## THE PARTIES

1.     Plaintiff LORNA KELIIPULEOLE ("Plaintiff") is and was at all times relevant a resident of the State Hawaii.

2.     Defendant MOLOKAI OHANA HEALTH CARE INC. (DBA "MOLOKAI COMMUNITY HEALTH CETNER") is and was at all times relevant a corporation incorporated in the State of Hawaii providing medical services to residents on the Island of Molokai, State of Hawaii.

3.     DOE DEFENDANTS 1 – 20 and DOE CORPORATE ENTITIES 1 - 20 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or

licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

4.    This Honorable Court has jurisdiction over the subject matter of the within action pursuant to federal question jurisdiction (28 U.S.C. Section 1331).

5.    This Honorable Court has subject matter jurisdiction over the related state law claims pursuant to supplemental jurisdiction (28 U.S.C. Section 1367).

6.    Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## **FACTUAL ALLEGATIONS**

7.   Plaintiff began working as a Medical Assistant for Employer on or about January 28, 2020.

8.   During her employment with Employer Sherrie Spencer, who was Plaintiff's direct supervisor, subjected her to disparate treatment, as well as a hostile work environment, because of Plaintiff's age, compared to other similarly stationed employees, who were younger than Plaintiff, including but not limited to, speaking disrespectfully to Plaintiff and ignoring Plaintiff's questions about work procedure and protocol.

9.   On August 8, 2020, Plaintiff was preparing to administer vaccines to two patients, who were minors.

10.   Prior to administering the vaccines, Spencer, instructed Plaintiff to administer the vaccines after Spencer informed Plaintiff that she had checked the expiration dates on the vaccines to make sure they were not expired.

11.   After Plaintiff had administered the vaccines to the two children and was in the process of reviewing their records, she realized the vaccines that had been administered were expired.

12.   Plaintiff immediately notified Spencer regarding the error to which Spencer replied that she would report the incident to the administration and get back to Plaintiff.

13.   Approximately a month went by with Spencer failing to notify the administration about the August 8, 2020 incident.

14.   Plaintiff took up the matter directly with Terry Radi and Agatha Akai, who were administrators at the health facility.

15.   Radi and Akai instructed Plaintiff to complete an RL Report.

16.   On September 2, 2020, Plaintiff submitted a formal RL Report to the Employer about the August 8, 2020 incident, including but not limited to, Spencer's failure to report the August 8, 2020 incident.

17.   After Plaintiff filed the formal RL Report about the August 8, 2020 incident, Spencer began retaliating against Plaintiff by refusing to assist Plaintiff with the care of patients, while Spencer assisted other medical assistants with the care of their patients, as well as by, refusing to provide Plaintiff with on-the-job training and instructions, while Spencer provided on-the-job training and instructions to other medical assistants, which

increased Plaintiff's workload and jeopardized the safety of patients.

18.   On September 7, 2020, Plaintiff requested leave from her employment as she felt she was being subjected to a hostile work environment by Spencer because Plaintiff had filed the September 2, 2020 RL Report.

19.   On September 10, 2020, Plaintiff sent an email to Chief Executive Officer Helen Kekalia stating that she was being subjected a hostile work environment by her Spencer because Plaintiff had filed the September 2, 2020 RL Report.

20.   Plaintiff returned to work on or about September 14, 2020.

21.   Upon her return to work, Plaintiff was the only medical assistant assigned to swab personnel for COVID-19 for an entire week.

22.   Plaintiff believes Employer altered the terms and conditions of her employment as retaliation for "blowing the whistle" regarding employer's unlawful practice of administering expired vaccines to patients.

23.   On October 12, 2021, Employer issued a frivolous verbal warning to Plaintiff about allegedly violation protocol and a

written memorandum documenting the warning was placed in Plaintiff's personnel file.

24.   On October 13, 2021, Employer terminated Plaintiff's employment based on pretextual reasons, including but not limited to, Plaintiff accessing her own health records kept by Employer.

25.   In actuality, Employer terminated Plaintiff's employment because of her age and/or for "blowing the whistle" regarding the August 8, 2020 incident involving Spencer by filing the September 2, 2020 RL Report.

26.   On or about December 22, 2020 Plaintiff submitted a charge of age discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which issued a charge number 486-2021-00011.

27,   On or about January 4, 2021, the EEOC issued Plaintiff a Notice of Right to Sue Letter.

## COUNT I

### UNLAWFUL DISCRIMINATION IN VIOLATION OF

### 29 U.S. CODE § 623 AND HRS SECTION 378-2

28.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

29.   Employer subjected Plaintiff to unlawful discrimination in violation of The Age Discrimination Act (29 U.S. Code Section 623) and Hawaii Revised Statutes, Section 378-2 by failing to rectify the open and notorious hostile work environment created by her direct supervisor, Spencer, on account of Plaintiff's age, including but not limited to, termination.

30. As a result of the unlawful discrimination and harassment Plaintiff was subjected to by Employer, Plaintiff has incurred damages in amounts to be proven at trial.

**COUNT II**

**VIOLATION OF HRS SECTION 378-62**

**(HAWAII WHISTLE-BLOWER PROTECTION ACT)**

31.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs

32.  On August 8, 2020, Plaintiff accidentally administered expired vaccines to two children after Spencer had told her that the vaccines were appropriate to administer.

33.   Upon learning that the vaccines she administered had expired, Plaintiff informed Spencer, who assured Plaintiff that she would report the incident to the administration, which she never did, in violation of appliable federal and state laws governing the

administration of immunizations, including but not limited to, Hawaii Revised Statues, Chapter 325, Hawaii Administrative Rules, Section 157 (inclusive of Exhibits) and Chapter 42 of the Code of Federal Regulations.

34.   On September 2, 2020, Plaintiff submitted a formal report to the Employer about the August 8, 2020 incident, including but not limited to, Spencer's failure to report the incident to the administration.

35.   On September 10, 2020, Plaintiff sent an email to Chief Executive Officer Helen Kekalia stating that she was being subjected a hostile work environment by her Spencer because she had filed a report complaining about Spence on September 2, 2020.

36.   On September 14, 2020, Plaintiff was singled out by Spencer to swab personnel for COVID-19 for an entire week as her job duty.

37.   On October 12, 2021, Employer issued a frivolous verbal warning to Plaintiff about allegedly violation protocol and a written memorandum documenting the warning was placed in Plaintiff's personnel file.

38.   On October 13, 2021, Employer terminated Plaintiff's employment.

39.   The above-described unlawful retaliation and discharge Plaintiff were subjected to by Employer was in violation of Hawaii Revied Statute, Section 378-62 and Plaintiff has incurred damages as a result of said unlawful discrimination and/or discharge.

## COUNT III

## UNLAWFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY

40.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

41.   Employer's discharge of Plaintiff, as retaliation for Plaintiff reporting her supervisor for failing to notify administration about administering expired vaccines to children, constituted unlawful termination in contravention of Hawaii's public policy in favor of safely administering vaccines and other medications to the public, especially to children.

42.   As a result of the unlawful termination described above, Plaintiffs have incurred damages in amounts to be proven at trial.

## PUNITIVE DAMAGES

43.   Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

44.   By engaging in the above-described actions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

45.   As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A.   For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B.   For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and

severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C.    Plaintiff be awarded further special, general, and/or consequential damages.

D.    Punitive damages as may be proven at trial.

E.    Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED:    Honolulu, Hawaii, April 2, 2021.

*/s/ Andrew Daisuke Stewart*

_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
LORNA KELIIPULEOLE